IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02213-MJW

RUTH A. TRUJILLO,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Ruth Trujillo is not disabled for purposes of

Social Security Disability Insurance and Supplement Security Income. Trujillo has

asked this Court either to reverse that decision or to remand for further hearing.

The Court has jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Both parties have agreed to have this case decided by a U.S. Magistrate Judge under

28 U.S.C. § 636(c). The Court AFFIRMS the government's determination.

## Discussion

The Court reviews the ALJ's decision to determine whether the factual findings

are supported by substantial evidence and whether the correct legal standards were

applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial

evidence is such evidence as a reasonable mind might accept as adequate to support a

conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond

v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted).

2

The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

All of Trujillo's arguments pertain to the proper weighing of medical opinions.  By law, an ALJ must discuss the weight given each medical opinion in the record.  20 C.F.R. § 404.1527(c).  "Medical opinion" is a term of art:

> Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(2).  Medical opinions come in a few varieties, with the most important category being the opinions of "treating sources."  *See* 20 C.F.R. § 404.1502. If the medical opinion of a treating source is in the record, and it passes a specific legal test, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(c)(2).  That test is (1) whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) whether the opinion is "not inconsistent with the other substantial evidence in [the] case record."  *Id.*  If it does not pass this test, the ALJ must give "good reasons" for not assigning it controlling weight and must still weigh it along with the other medical opinions.  *Id. See also Krauser v. Astrue*, 638 F.3d 1324, 1330– 32 (10th Cir. 2011) (describing the foregoing analysis as a two-step inquiry).

If no opinion is given controlling weight, the ALJ must consider all of the medical opinions in the record.  20 C.F.R. § 404.1527(b).  The ALJ must weigh those opinions

according to certain factors: (1) whether the source of the opinion actually examined the claimant; (2) whether and to what extent the source of the opinion had a treatment relationship with the claimant; (3) whether the source's opinion is supported by evidence and explanation; (4) whether the opinion is consistent with the record as a whole; (5) whether the source of the opinion is a specialist; and (6) whether any other factors tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ need not address each and every factor, nor even explicitly reference the factors; rather, the ALJ need only be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Finally, in almost every case, the record will contain opinions and findings from consultants employed by a state disability agency; these are weighed according to the same rules as medical opinions. 20 C.F.R. § 404.1527(e)(2).

**A.   Dr. Riley**

Trujillo's first argument is that the government's administrative law judge ("ALJ") and the Appeals Council failed to properly evaluate the opinions of Dr. Dana Riley. Dr. Riley is Trujillo's primary care provider, and she completed two questionnaires expressing a very restrictive assessment of Trujillo's physical limitations. (AR 404–10.) The ALJ mentioned Dr. Riley's treatment records but failed to mention Dr. Riley's medical opinions. The Appeals Council, however, noted that the opinions (1) were inconsistent with each other, (2) failed to provide any rationale supporting the opined limitations, and (2) were inconsistent with Dr. Riley's treatment notes. (AR 5–6.) From

4

there, the Appeals Council adopted the ALJ's conclusions.  (*Id.*)  The Appeals Council

did not discuss whether Dr. Riley was a treating source, did not assess whether her

opinions should be given controlling weight, and did not explicitly assign a weight of any

sort to her opinions.  In briefing before this Court, the government concedes that Dr.

Riley's questionnaires are medical opinions from a treating source.  (See Docket No.

18, pp. 9–11.)

Trujillo argues that the Appeals Council's failure to follow a formal two-step

analysis requires remand, citing *Krauser*.  But despite the strength of the Tenth Circuit's

language in *Krauser*, the Tenth Circuit routinely declines to remand cases for formalistic

errors, so long as the Commissioner's reasoning is evident, legally sound, and

substantially supported by the record.  *See, e.g.*, *Mays v. Colvin*, 739 F.3d 569, 575

(10th Cir. 2014).  It is error for the Commissioner to stop after the first step—

determining that the opinion is not entitled to controlling weight—and fail to address the

second question of whether it's entitled to any weight at all.  But where the

Commissioner makes that ultimate determination of the appropriate weight due the

opinion, it is not necessarily error to have collapsed the inquiry into one step.  *Tarpley v.*

*Colvin*, ___ F. App'x ___, 2015 WL 451237, at *2 (10th Cir. Feb. 4, 2015); *see also*

*Dunn v. Colvin*, No. 14-cv-00759-KLM, 2015 WL 1756126, at *4 (D. Colo. Apr. 15,

2015) ("Here the ALJ collapsed the two-step inquiry into a single point, stating only that

she 'gives this opinion little weight' because '[t]he opinion is not supported by the

objective findings' and 'is inconsistent with the claimant's own testimony.'  The ALJ's

decision does not explicitly mention the issue of controlling weight at all.  However, the

5

ALJ is not required to expressly state that she denied controlling weight to a treating

physician's opinion when it is implicitly clear from the ALJ's analysis that she declined to

give the opinion controlling weight.").

Here, the Appeals Council quite clearly gave Dr. Riley's opinions little weight—

and it is therefore quite clear that it did not give Dr. Riley's opinions controlling weight.

The non-conclusory reasons given by the Appeals Council satisfy the test for not giving

a treating source's opinion controlling weight, and also satisfy the test for giving any

opinion limited weight.[1]  These non-conclusory reasons are also supported by the

medical evidence of record.  The Court will therefore not remand the case for failing to

be more analytically explicit.

### B.    Dr. Madsen

In evaluating Trujillo's mental functional capacity, the ALJ gave little weight to the

opinion of Dr. Richard Madsen, and great weight to the opinion of Dr. Donald Glasco.

Trujillo argues that each reason given for discounting Dr. Madsen's opinion is invalid.

First, the ALJ noted that Dr. Madsen's opinions were inconsistent with the

evidence of record because Trujillo "has never reported any psychological issues to her

treating providers.  Certainly, if her issues were as severe as alleged to Dr. Madsen,

---

[1] Trujillo cites Social Security Ruling 96-2p for the proposition that "a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight', not that the opinion should be rejected."  But one of the factors for assigning weight to non-controlling opinions is whether the source's opinion is supported by evidence and explanation.  20 C.F.R. § 404.1527(c)(3).  While these are distinct inquiries, it is not hard to see how the same facts can support findings on both questions.

6

she would have reported them to her providers."  (AR 37.)  Trujillo objects to this

inference, arguing that the absence of evidence is not evidence.  But this is not an

"absence of evidence"; it is actual evidence that Trujillo never raised the issue with her

doctors, and such omissions are frequently cited alongside other evidence.  *See, e.g.*,

*Butler v. Astrue*, 410 F. App'x 137, 140 (10th Cir. 2011) ("The absence of medical

entries reflecting complaints as severe as his testimony at the hearing supports the

ALJ's credibility determination."); *Angstadt v. Colvin*, No. 11-cv-00331-PAB, 2013 WL

5323110, at *9 (D. Colo. Sept. 20, 2013) ("The ALJ provided specific reasons for

discounting [a doctor]'s opinion regarding plaintiff's migraines.  First, she noted that the

opinion is not supported by [his] treatment notes. . . .  Furthermore, the ALJ noted

inconsistencies between [his] opinion and other evidence in the record . . . the absence

of migraine complaints in 2004 and 2005.").  Trujillo further objects that a failure to

receive treatment cannot be considered evidence against a claimant without first

exploring whether the claimant had a good reason—such as lack of money—for failing

to procure treatment.  But this again misstates the nature of the evidence.  The ALJ did

not fault Trujillo for failing to pursue a recommended or prescribed treatment; he faulted

her for never mentioning her purported symptoms to any doctor.  These are not the

same thing.

As for the ALJ's remaining reasons, he stated that Dr. Madsen did not identify the

evidence relied upon to support the conclusions and "apparently" relied heavily on

Trujillo's subjective statements.  (AR 37.)  Trujillo challenges these reasons as both a

failure to properly develop the record by giving Dr. Madsen enough information, and

also a failure to properly credit Dr. Madsen's expert evaluation of Trujillo.  Obviously, these two arguments are in tension with each other.  But they also each fail on their own terms.  As to the first argument, Trujillo cites 20 C.F.R. § 404.1519p(b), which states that an ALJ will re-contact a consultative examiner if the report is incomplete.  But the ALJ did not find this report incomplete.  He found it to express opinions that were unfounded.  Again, these are different things, and Trujillo's argument misses the mark. As to the latter argument, it is the ALJ's job to make a final determination as to Trujillo's functional limitations; he is allowed to discount an expert's opinion so long as he has good reasons for doing so.  Finding that the main source of the expert's information is an unreliable source is, obviously, a good reason.

**C.    Dr. Glasco**

Although the ALJ generally agreed with Dr. Glasco's opinion, he rejected Dr. Glasco's assessment that Trujillo's mental health limited her ability to interact with others.  (AR 37.)  Dr. Glasco filled out two forms: a psychiatric review technique, and a residual functional capacity ("RFC") assessment.  The psychiatric review technique filled out by Dr. Glasco has three sections:

- A section titled "Medical Summary," in which Dr. Glasco noted severe impairments warranting a functional-capacity assessment, and finding that Trujillo suffers from an affective disorder and a substance-addition disorder (AR 317);

- A section titled "Documentation of Factors that Evidence the Disorder," in which Dr. Glasco noted a bipolar disorder and alcohol abuse but did not check any of the boxes for personality or anxiety disorders (AR 318–26);

- A section titled "Rating of Functional Limitations" in which Dr. Glasco opined that Trujillo had "mild" limitations in daily activities and social interaction; and "moderate" limitations in concentration, persistence, and pace (AR 327); and

8

- A narrative section in which Dr. Glasco noted that Trujillo took no medication for mental health, and that both her reported daily activities and the results of her psychiatric evaluation were inconsistent with her claimed impairments (AR 329).

In the separate RFC assessment, Dr. Glasco rated Trujillo's limitations on 20 functions in four broad categories.  (AR 331–34.)  Under the "social limitations" category, Dr. Glasco marked Trujillo as "not significantly limited" in "[t]he ability to ask simple questions or request assistance," "[t]he ability to accept instructions and respond appropriately to criticism from supervisors," and [t]he ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." He marked Trujillo as "moderately limited" in "[t]he ability to interact appropriately with the general public" and "[t]he ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes."  (AR 332.)  In a narrative portion of the RFC assessment, Dr. Glasco opined that Trujillo "[s]hould have limited interaction with coworkers and general public."  (AR 333.)  It is this limitation that the ALJ rejected.

Trujillo objects, arguing that (1) the ALJ is not allowed to disregard limitations in an opinion, and (2) the ALJ offered no specific factual findings to support his conclusion. Both arguments fail.  An ALJ is not allowed to *ignore* limitations suggested by a medical opinion.  *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  But the ALJ did not ignore the social limitation assessed by Dr. Glasco; he specifically discussed it and gave reasons for discounting it:

> [A]lthough [Dr. Glasco] also accorded the claimant a limitation in social interaction, finding that the claimant should have limited interaction with co-workers and the general public, this "is incongruent with his psychiatric

> review technique, in which he found the claimant only had mild difficulties
> in social functioning.  This is further supported by the record, which shows
> that the claimant has no difficulties being around others.  As such, no
> weight is given this finding regarding a limitation in social functioning . . . ."

(AR 37.)  Earlier in the ALJ's opinion, he discussed the evidence "show[ing] that the

claimant has no difficulties being around others": her family activities, her card-playing

hobbies, and her side-job providing home care for a cancer patient.  (AR 36–37.)  These

are specific factual findings, supported by the record.

Trujillo also disputes the ALJ's characterization that Dr. Glasco's assessment of

Trujillo's limitations is "incongruent" with other portions of his analysis.  But it is true that

the forms do not completely match up with each other.  Notably, the RFC assessment

form has no box to check for "mild" limitations; while the psychiatric review technique

offers five degrees of limitation—none, mild, moderate, marked, and extreme—the RFC

assessment offers only three—none, moderate, and marked.  (*Compare* AR 327, *with*

AR 332.)  Thus, translating ideas from one form to the other will always leave some

ambiguity.  Further, comparing the narrative portions of the two forms, Dr. Glasco's

discussion on the psychiatric review technique does not support the social limitation

proffered in his RFC assessment.  The record shows that the ALJ was not wrong to call

them incongruous—at least to some degree.  The Court thus finds no reversible error in

the ALJ's treatment of Dr. Glasco's opinion.

10

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.


Dated this 18th day of May, 2015.


BY THE COURT:


*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge